

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 3:17-00640-MGL-6 |
| | § | |
| STEVEN MERLO, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO ENFORCE PLEA OFFER**

## I. INTRODUCTION

Pending before the Court is Defendant Steven Merlo's (Merlo) motion to enforce a plea offer from the government. Having carefully considered the motion, the response, the reply, the arguments at the hearing, the record, and the applicable law, it is the judgment of the Court Davis's motion to enforce a plea offer will be denied. The Court, however, strongly expresses its dissatisfaction with the actions of the government in this case.

## II. PROCEDURAL HISTORY

The grand jury indicted Merlo on one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). On May 8-9, 21018, Merlo gave a proffer to the government concerning the allegations in the indictment pursuant to a Proffer Agreement dated April 30, 2018 (Proffer Agreement).

On July 5, 2018, Sandra Strippoli (Strippoli), a Special Assistant United States Attorney from the Northern District of Georgia, took control of Merlo's case after a recusal by the United States Attorney's office for the District of South Carolina, which had previously been handling the case. Merlo filed the immediate motion over one year after the prosecutorial replacement. The government responded and Merlo filed a reply. The Court held a hearing on the motion.

### III. STANDARD OF REVIEW

"[J]udicial interpretation of plea agreements is largely governed by the law of contracts." *United States v. Martin*, 25 F.3d 211, 216-17 (4th Cir. 1994). The Fourth Circuit, although still allowing for the existence of oral plea agreements, strongly "suggest[s] that lower courts require all . . . plea agreements be reduced to writing." *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997).

"The essence of contract formation is . . . a meeting of the minds of the contracting parties." *Charbonnages de France v. Smith*, 597 F.2d 406, 415 (4th Cir. 1979); *see also* Restatement (Second) of Contracts § 17 ("[T]he formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange.").

### IV. DISCUSSION AND ANALYSIS

As a preliminary matter, Merlo's claim he relied on a purported agreement between the parties in deciding to proffer is unavailing. To start, the motions title seems to undermine this argument. On its face, the motion intends to enforce a plea offer, not an agreement. Because the government can change the terms of a plea offer until acceptance, only a finalized agreement can be enforced. Thus, the Court will construe the motion as one to enforce a plea agreement.

2

The motion is unmerited for at least three reasons. First, Merlo failed to provide sufficient evidence an enforceable agreement existed with the government. Merlo, through his brief and an affidavit submitted by his attorney, asserts the United States Attorney's office for the District of South Carolina represented to him an offer for a specific range under the United States Sentencing Commission Guidelines Manual (Sentencing Guidelines) as part of a plea agreement in exchange for his proffer to the government. Merlo and his attorney were under the impression this purported representation by the government created a plea agreement between the parties and purportedly participated in the proffer based on the representation. No written agreement between Merlo and the government has been produced to the Court.

Merlo provides no evidence of a definitive offer by the government, nor mutuality between the parties, other than assertions by his counsel in a declaration. This is insufficient to establish a contract, as Merlo presented no evidence of a "meeting of the minds" between the parties. *Charbonnages de France*, 597 F.2d at 414.

Merlo's counsel's subjective belief an agreement existed is insufficient to make it so. Further, although not determinative, the government affirmatively represented—in the declaration filed by Strippoli—the Assistant United States Attorney previously handling the case said he believed no agreement or offer had been made.

Second, the continued negotiations over the terms of the plea agreement, post proffer, further supports no agreement existed between the parties. The government, without counter from Merlo, explained negotiations continued, after the proffer, regarding the inclusion of a firearm sentencing enhancement, as well as a guilty plea to the money laundering conspiracy charge, in the plea agreement. Hearing Tr. at 18. These are material terms of any potential agreement between the parties and further demonstrate the lack of any agreement.

3

The continuing negotiations after the proffer strongly indicate no agreement had been reached between the parties at the time of the proffer. An offer creates no obligation on the government, who is free to change terms of an offer prior to the acceptance of such an offer. As such, it is unreasonable to rely on a plea offer in deciding to proffer.

Third, the Proffer Agreement, signed by Merlo and his attorney, counsels against the reliance argument presented by Merlo. The Proffer Agreement plainly states "[t]his is not a cooperation agreement" and disclaims any argument the Proffer Agreement requires the government to enter into any "cooperation agreement, plea agreement, immunity or non-prosecutive agreement." Proffer Agreement at 1. Further, the integration clause of the Proffer Agreement indicates the written Proffer Agreement "contains the entire agreement of the parties." *Id.* at 5. The Proffer Agreement disclaims any understanding of external conditions on the proffer and undermines any reliance argument. Accordingly, no plea agreement exists for the Court to enforce.

In sum, the Court holds Merlo failed to present sufficient evidence to indicate the existence of an oral plea agreement between Merlo and the government. The Court can find no indication Merlo and the government reached a final agreement and rejects any reliance argument related to the proffer.

\*\*\*\*\*

This is a case where the Court enforces the law as it is, not as it wishes it to be. Although the Court agrees the motion lacks merit, this order should not be construed as an endorsement of the Northern District of Georgia's actions in this case. The Sentencing Guidelines score Merlo seeks to enforce was utilized by the government for nine months of negotiations after the change in Assistant United States Attorneys. Not knowing the facts of the case for nine months of plea

4

negotiations, the Government's rationale for the shift in the negotiations, is not a palatable rationale for it to change the terms of an agreement with a defendant. *See* Hearing Tr. at 16.

The plea-bargaining process involves "important constitutional rights," and the government should comport its actions to protect "the honor of the government, [and] public confidence in the fair administration of justice." *United States v. Edgell*, 914 F.3d 281, 291 (4th Cir. 2019) (alteration in original). Although there is insufficient evidence to support the existence of a contract to enforce and the Proffer Agreement foreclosed any reliance argument, there is plenty of evidence to support the Court's conclusion the actions of Strippoli in this case are well beneath the conduct this Court expects of the government when it appears here.

The Court credits Merlo and his counsel's belief agreement had been reached on the issue of Merlo's base level score under the Sentencing Guidelines and Merlo's argument that belief influenced his decision to proffer. Although insufficient to bind the government, the government should always be cognizant to ensure defendants are treated fairly throughout the criminal justice process and protect the public confidence in the government's administration of justice. In this instance, it regrettably failed to do so.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Merlo's motions to enforce the plea offer is **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of October, 2019, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE